### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Jonathan Loggins, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:24-cv-106 |
| Burleigh County, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is Plaintiff's "Request for Issuance of Subpoena Duces Tecum" pursuant to Fed. R. Civ. P. 45. (Doc. No. 21). For the reasons that follow, the request is denied.

### I.    BACKGROUND

Plaintiff is proceeding pro se. He asserts in his Amended Complaint that, for four days consecutive days following his arrest on or about October 25, 2023, he was "placed in a booking cell . . . without being formally booked into the jail's general population," was not provided a reason for his prolonged detention, and was denied an opportunity to make a single telephone call in violation of his rights under the Fifth and Fourteenth Amendments. (Doc. No. 8).

On September 16, 2024, Plaintiff filed a "Request for Issuance of Subpoena Duces Tecum" pursuant to Fed. R. Civ. P. 45. (Doc. No. 21). What follows is the documentation Plaintiff wants to subpoena:

1. Complete visitation logs for Plaintiff detention/cell area from 10/25/2023 through 11/1/2023.

2. All records of the parole officer's visits to the Burleigh County Detention Center, including sign in sheets, from 10/25/2023 through 11/1/2023.

3. The parole officer's case notes, reports, and narratives related to Plaintiff's supervision any visits or attempted visits from 10/25/2023 through 11/1/2023.

4. Any electronic or written communication between the parole officer and Burleigh County Detention Center staff regarding scheduling or conducting visits with Plaintiff from 10/25/023 through 11/1/2023.

5. The parole officer's work schedule, time sheets, and travel/mileage logs from 10/25/2023 through 11/1/2023.

(Id.). Plaintiff asserts this documentation is critical to establish a time line of the event(s) at issue. He further asserts that this documentation will either corroborate or refute the accuracy of official records.

II.    **APPLICABLE LAW**

Pursuant to Federal Rule of Civil Procedure 45(a)(2)(c), a subpoena may direct a non-party to an action to produce documents or other tangible objects for inspection. "The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it." Fed. R. Civ. P. 45(a)(3); see also N.D.D. Civ. L.R. 45.1 ("The Clerk must not issue blank subpoenas to a pro se party except upon order of the court."). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1).

"The  Court has the 'discretionary power to refuse to subpoena witnesses and to prevent abuse of its process in both civil and criminal proceedings.'" Stockdale v. Stockdale, No. 4:08–CV–1773 CAS, 2009 WL 4030758 at *1 (E.D. Mo. Nov. 18, 2009) (quoting Manning v. Lockhart, 623 F.2d 536, 539 (8th Cir.1980) (per curiam)); Jackson v. Brinker, No. IP 91–471–C, 1992 WL 404537 at * 7 (S.D. Ind. 1992) (opining that courts have the "inherent and statutory power to supervise an in forma pauperis party's litigation to the end of preventing abuse of the court's

process and the privileges granted him under § 1915, and that this authority extends to screening an indigent party's requests for issuance and service of subpoena duces tecum on non-parties."); cf. Friedman v. Bank of Jackson Hole, No. 219CV01054JADDJA, 2020 WL 2996072, at *2 (D. Nev. June 4, 2020) (directing that no further subpoenas may be issued to pro se plaintiff without the court's approval).  "This power should be exercised to protect the resources of the Court and the Marshals Service, and to prevent harassment and undue expense of other parties and non-parties." Stockdale, 2009 WL 4030758 at *1; see also Lynch v. Burnett, No. 18CV01677DMSJLB, 2020 WL 5517577, at *1 (S.D. Cal. Sept. 14, 2020) ("The Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena....Non-parties are  entitled to have the benefit of the Court's vigilance." (internal citations, quotation marks, and modifications omitted)); Heilman v. Lyons, No. 2:09–cv–2721 KJN, 2010 WL 5168871 at *1 (E.D. Cal. Dec. 13, 2010) ("Proper reliance on a subpoena duces tecum is limited by the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) . . . and considerations of burden and expense set forth in Federal Rules of Civil Procedure 26(b)(2) and 45(c)(1).")..

"[P]ro se litigants are not excused from compliance with relevant rules of the procedural and substantive law." Schooley v. Kennedy, 712 F.2d 372, 373 (8th Cir. 1983); Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."). "A pro se litigant should receive meaningful notice of what is required of [him] but the court is not required or permitted to act as counsel for any party." Schooley, 712 F.2d at 373. Therefore, although Plaintiff is proceeding pro se, he  is not excused from complying with the procedural and substantive rules equally applicable to all litigants.

## III.    DISCUSSION

The court is disinclined to authorize a subpoena for the work schedule, time sheets, and travel logs for Plaintiff's parole officer as it is not readily apparent how these materials have any bearing on the matter at hand--the duration of Plaintiff's confinement in a booking cell at the Burleigh Morton Detention Center.

The court is likewise disinclined to authorize a subpoena for the parole officer's case notes, reports, and narratives related to Plaintiff's supervision.  Again, it is not readily apparent how the parole officer's file on Plaintiff bears upon on duration or condition of his confinement in the Burleigh Morton Detention Center's booking cell.

With respect to visitation logs, records of the parole officer's visits to the Burleigh Morton Detention Center, and electronic communication regarding scheduling/visitation between the parole officer and Burleigh Morton Detention Center staff, it stands to reason that Plaintiff could obtain these materials from Defendant if he has not already.  It should also be noted that there is nothing in Plaintiff's motion to suggest that Defendant's are unable or unwilling to produce these materials.

## IV.    CONCLUSION

Plaintiff's "Request for Issuance of Subpoena Duces Tecum" pursuant to Fed. R. Civ. P. 45.  (Doc. No. 21) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 24th day of October, 2024.

/s/ Clare R. Hochhalter
Clare R. Hochhalter, Magistrate Judge
United States District Court