IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Jonathan David Loggins, | ) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Burleigh County, et al., | ) Case No. 1:24-cv-106 |
| Defendants. | ) |

On September 9, 2025, Plaintiff filed Motions to Compel and to Stay Proceedings pursuant to Rules 30(e), 37(a) and 56(d) of the Federal Rules of Civil Procedure. (Doc No. 50). For the reasons that follow, the Motion to Compel is deemed moot and the Motion to Stay Proceedings is denied.

## I.     BACKGROUND

Plaintiff is an inmate at the North Dakota State Penitentiary. He is proceeding *pro se* and *in forma pauperis*.

On September 4, 2025, Defendant filed a Motion for Summary Judgment along with a supporting brief, several exhibits, and a Certificate of Service in which counsel attested Plaintiff had been served with the aforementioned documents via certified mail to his address in Bismarck, North Dakota. (Doc. No. 48). Among the exhibits filed by Defendant was a transcript of a deposition of Plaintiff taken on June 30, 2025. (Doc. No. 48-3).

On September 9, 2025, Plaintiff filed a Motion to Compel and to Stay Proceedings. (Doc. No. 50). He asserted that Defendant "never served [him] with a copy of the transcript or the correction sheet, nor provided notice that the transcript was finalized and available for review" in violation of Fed. R. Civ. P. 30(e)(1). (Id.). He requested that the court issue an order compelling

1

Defendant to produce the transcript of his June 30, 2025, deposition and correction sheet and stay consideration of Defendant's Motion for Summary Judgment until he had a reasonable opportunity to review and correct these materials.

On September 23, 2025, Defendant filed a response in opposition to Plaintiff's motion. It asserts that Plaintiff failed to comply with this court's local rules prior to filing his motion and that his motion is otherwise meritless.

## II.    DISCUSSION

### A.    Procedural Deficiencies

Defendants assert that Plaintiff's motion is deficient in it is not accompanied by a supporting memorandum as contemplated by D.N.D. Civ. L.R. 7.1(F).  Defendants further asserts that, prior to filing his motion, Plaintiff failed to certify that he had met and conferred with Defendant and thereafter participated in a conference with the undersigned as required by Fed. R. Civ. P. 37 and D.N.D. Civ. L.R. 37.1(A).

Liberally construing Plaintiff's filing at Doc. No. 50 as a combined motion and supporting brief, the court finds that Plaintiff has complied with the requirements of Local L.R. 7.1(F). However, the court agrees with Defendant that Plaintiff has not complied with Fed. R. Civ. P. 37 or Local Rule 37.1(A).

Fed. R. Civ. P. 37 provides in relevant part that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).  Local Rule 37.1 likewise the obligates parties to meet and confer among themselves.  D.N.D. Civ. L.R. 37.1(A). It also requires the parties to participate in a conference with

2

the magistrate judge prior to filing a motion concerning discovery unless the court grants leave to file the motion. D.N.D. Civ. L.R. 37.1(B).

Here, there nothing in the record to indicate that Plaintiff met and conferred with Defendant prior to filing the instant motion as required by Local Rule 37.1. Further, Plaintiff does not certify in his motion that he made a good faith effort to confer with Defendant as contemplated by Fed. R. Civ. P. 37. Finally, Plaintiff certainly did not participate in a conference with the undersigned or otherwise obtain leave to file the instant motion as required by Local Rule 37.1.

Plaintiff's *pro se* status does not excuse his noncompliance with the rules. And Plaintiff cannot credibly assert that he was unaware the rules requirements as he was explicitly advised of them by the undersigned in order issued on August 20, 2024. (Doc. No. 4)

B.   **Stay of Summary Judgment**

Under Federal Rule of Civil Procedure 56(d), a court may, in the exercise of its considerable discretion, "defer consideration of a summary judgment motion or allow time for discovery '[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.'" Marlow v. City of Clarendon, 78 F.4th 410, 416 (8th Cir. 2023) (quoting Fed. R. Civ. P. 56(d)); see also Toben v. Bridgestone Retail Operations, LLC, 751 F.3d 888, 895 (8th Cir. 2014) (finding that he district court had not abused its wide discretion when denying a party's Rule 56(d) motion); Heartland Bank v. Heartland Home Fin., Inc., 335 F.3d 810, 815 (8th Cir.2003) ("We have characterized this review as very deferential and stressed that we will not interfere with the great latitude exercised by the district court in discovery matters.") (internal quotation marks omitted); Stringfellow v. Perry, 869 F.2d 1140, 1143 (8th Cir.1989) ("District courts are afforded wide discretion in their handling of discovery matters."). "The party seeking

3

additional discovery must show: (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary judgment motion." Id. (internal quotation marks omitted).

Plaintiff requests that the court defer or stay consideration of Defendant's Motion for Summary Judgment pursuant to Rule 56(d) so that he may have time to review and make corrections to the deposition transcript once it has been produced. He avers that Defendant acted in bad faith insofar as it deprived him the opportunity afforded to by Fed. R. Civ. P. 30(e) to review the deposition transcript upon its completion and failed to otherwise properly serve him with a copy of the deposition transcript, "forcing him into the impossible position of responding to testimony [he] has never seen." (Doc. No. 50 at p. 3).

Defendant responds that Plaintiff's assertions are meritless as he never requested to review the deposition transcript upon its completion as required by Rule 30(e), has been served with a copy of the deposition transcript, and is intimately familiar with the substance of the transcript as it memorializes his testimony. Additionally, it maintains Plaintiff was aware of the requirement of Rule 30(e)(1) as evidenced by the fact he exercised his Rule 30(e)(1) right in prior litigation where he was deposed and specifically requested "pursuant to Federal Rules of Civil Procedure 30(e)(1)(a)(b) that provides by law that deponent be presented with the transcript if this deposition for review, corrections and signature." See Loggins v. Albert, District of North Dakota, No. 3:22-CV-00015, ECF 131-1, p. 169, 172.

Fed. R. Civ. P. 30(e) provides the following in regards to the review of and changes to a deposition transcript by a deponent:

4

> (1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
>> (A) to review the transcript or recording; and
>>
>> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.
>
> (2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

Fed. R. Civ. P. 30(e).

Tellingly, Plaintiff does not dispute Defendant's assertion that he never made a Rule 30(e) request to review and the deposition transcript. And there is otherwise nothing in the record to evince that Plaintiff made such a request.[1] As Defendant has pointed out, Plaintiff was keenly aware that he needed to make such a request as he did so in previous litigation. Consequently, Plaintiff's assertion that Defendant denied him the ability to review the deposition transcript is specious. Plaintiff cannot now complain to have been denied something he never requested.

As for Plaintiff's assertion that was not served with a copy the deposition transcript, he has stretched the truth beyond its breaking point. The record reflects that Plaintiff was served by Defendant with, *inter alia*, a copy of the deposition transcript. (Doc. No. 48-1). It further reflects that Plaintiff's ability to marshal a response to Defendant's motion has not been hampered in the slightest as he filed a response on November 3, 2025. (Doc. No. 55).[2]

---

[1] Plaintiff has not filed an affidavit, or anything else for that matter, to memorialize or otherwise evince that he made any such request. Further, there nothing in the deposition transcript reflecting that any such request was made by Plaintiff during the course of his deposition. (Doc. No. 48-3).

[2] Plaintiff was given both additional time to file his response as well as leave to file a response with pages in excess of the limitations imposed by this district's local rules. (Doc. Nos. 53 and 61).

On November 14, 2025, Defendant filed a reply in support of its Motion for Summary Judgment. (Doc. No. 60). Consequently, the motion is fully briefed. The undersigned can find no reasonable or valid basis to delay consideration of it as Plaintiff has failed to meet his burden under Rule 56(b).

### III.   CONCLUSION

Plaintiff's Motion to Compel (Doc. No. 50) is deemed **MOOT**. Plaintiff's Motion to Stay (Doc. No. 50) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 9th day of December, 2025.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Jduge
United States District Court